IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathan Luckett, | ) | Civil Action No. 6:14-3900-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Nathan Luckett, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On April 28, 2015, the Magistrate Judge issued a Report, (ECF No. 33), recommending that the Petition be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with court orders. Petitioner filed an Objection to the Report on May 12, 2015. (ECF No. 35). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de*

*novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. The Court has undertaken this *de novo* review, even though Petitioner's two paragraph "Objection" amounts to a simple assertion that, despite there being no record of such a filing in the docket, Petitioner *did* file a response to Respondent's long-pending Motion for Summary Judgment on April 2, 2015. Petitioner attempts to substantiate this claim by attaching a copy of his prison account statement, which shows that approximately ten dollars was deducted from his account for "postage" on April 2, 2015. See ECF No. 35-1.

As the Magistrate Judge sets out in the Report, Respondent's Motion for Summary Judgment was filed back on February 4, 2015, (ECF Nos. 17 and 18), and Petitioner was advised by Roseboro order, (ECF No. 19), to respond by March 12, 2015, or face potential dismissal of the Petition. (ECF No. 19). Petitioner then sought and obtained an extension of time (until April 6, 2015) to file his response. (ECF No. 23). When that time period elapsed and Petitioner had yet to file his response, Petitioner was again alerted by Order dated April 7, 2015, (ECF No. 28), that if he did not respond by April 27, his case would be subject to dismissal for failure to prosecute and failure to abide by court orders. The record shows that Petitioner, again, did not respond as directed.

Although Petitioner now maintains that he did file a response in opposition with the Court, prior even to the Court's final April 7, 2015 Order warning of dismissal, there is simply no record of any such filing in the docket. Indeed, as of the date of this Order, Petitioner has *still* not furnished

to the Court a response or opposition to Respondent's Motion for Summary Judgment, for example, by attaching a copy of said document to his Objection.

Based on all of the foregoing, the Court must concur with the reasoning of the Magistrate Judge and adopt the Report and incorporate it herein by reference, (ECF No. 33), overruling Petitioner's Objection. (ECF No. 35). It is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED**, (ECF No. 33), and Petitioner's Petition is **DISMISSED** *without prejudice* for failure to prosecute and failure to comply with court orders. Respondent's Motion for Summary Judgment, (ECF No. 17), is consequently terminated as **MOOT**.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©. A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

                                                                                          s/Mary G. Lewis  
                                                                                           United States District Judge

May 12, 2015  
Columbia, South Carolina